Pee Cueiam.
Prior to August 9, 1883, the plaintiff and the defendant, Minnie Tobias, were partners. On that day they dissolved partnership. It was agreed between them that Minnie Tobias should have all the stock and bills receivable, and that she was to pay all the partnership debts then outstanding. She has received a transfer of the stock, and collected the bills receivable to the amount of about $1,800, but has not paid the firm debts, and judgments have been recovered thereon against plaintiff and the said Minnie Tobias to the amount of $1,606.11. These judgments have not been paid, and are still of record, and this action was brought to recover from the defendants damages for the breach of the agreement.
The judge before whom the case was tried, dismissed the complaint on the ground that the plaintiff was not entitled to the sole and personal ownership of the fund to be made by the defendant, Minnie Tobias, for the purpose of paying partnership debts, which would be the substance of the relief demanded, especially without the defendants having a legal assurance that the fund would be so devoted.
If the contract made by Minnie Tobias had been only to indemnify the plaintiff and save him harmless against claims of the creditors of the firm, payment of the claims or of some of them, by plaintiff, would have been necessary to sustain an action for damages, but in the case at bar the contract was not to indemnify but to pay the debts of *510 the firm. The obligation to pay them was an absolute one, and on the failure to pay within a reasonable time a cause of action accrued against the defendant, Minnie Tobias (National Bank v. Bigler, 83 N. Y. 51; Trinity Church v. Higgins, 48 Ib. 532 ; Kohler v. Matlage, 72 Ib. 259).
The cause of action being complete on her failure to pay the debts, the only remaining question would be as to the amount of damages.
The court below found that several of the creditors of the said firm had brought suit against the plaintiff and defendant, Minnie Tobias, to recover the amount of their respective claims, and had recovered judgments against plaintiff and said Minnie Tobias, but refused to find as matter of law that plaintiff was entitled in this action to judgment against said defendant for the amount of the judgment which had been recovered against him. To this refusal plaintiff duly excepted.
It was error for the trial judge to refuse to find as requested. The agreement was an absolute one to pay the debts of the firm, and the plaintiff’s right of action arose the moment the debts became due and were not paid. It was immaterial whether or not the plaintiff had paid the judgments (Thomas v. Allen, 1 Hill, 145 ; Gilbert v. Wiman, 1 N. Y. 550; Belloni v. Freeborn, 63 Ib. 383, and the cases cited above).
The parties to this action having elected to try it as an action a.t law to recover the damages for the breach of the defendant’s agreement to pay the debts of the firm, the court should have found for the plaintiff in the amount of the judgments which had been obtained against plaintiff.
No cause of action was proved against the defendant, Theodore H. Tobias, and the judgment as to him should be affirmed, with costs.
The judgment in favor of Minnie Tobias is reversed, and a new trial is ordered, with costs to the appellant to abide the event.